UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONELLE DEANNE TERRELL, an individual<br>Plaintiff,<br>v.<br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation,<br>Defendant. | No. 1:26-cv-02521-KES-CDB<br><br>ORDER GRANTING MOTION TO REMAND<br><br>Doc. 6 |

Plaintiff Jonelle Deanne Terrell ("Terrell") filed this case in Kern County Superior Court alleging that defendant Volkswagen Group of America, Inc. ("Volkswagen") violated multiple provisions of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act"), Cal. Civ. Code § 1790 et seq. Terrell moves to remand this case, arguing that Volkswagen's removal was untimely. Doc. 6. This matter is suitable for resolution without a hearing pursuant to Local Rule 230(g). Doc. 8. For the reasons stated below, Terrell's motion to remand is granted.

## I. BACKGROUND

This action arises from Terrell's July 11, 2023, purchase of a 2023 Volkswagen Taos (the "Vehicle"). Doc. 1-1 ("Compl.") ¶¶ 8, 19–60. Terrell alleges that Volkswagen issued warranties that guaranteed that the Vehicle would be free from a variety of defects but the Vehicle had serious defects and nonconformities, including engine, electrical, emission, and transmission

system defects. *Id.* ¶¶ 8–13, 21, 51–52. During 2025, Terrell presented the Vehicle for repairs three times. *Id.* ¶¶ 11–13.

On December 1, 2025, Terrell filed a complaint in Kern County Superior Court asserting three violations of the Song-Beverly Act: breach of express warranty, breach of implied warranty, and violation of Song-Beverly Act § 1793.2. *Id.* ¶¶ 19–60. Terrell seeks rescission of the purchase contract and restitution, civil penalties in the amount of two times actual damages, and attorneys' fees and costs, among other damages. *See id.* at 12.

The complaint alleges that the amount paid/payable for the Vehicle was $49,225.84. *Id.* ¶ 8. The complaint also lists the Vehicle's approximate odometer mileage each time Terrell presented it for repairs: 30,236 miles in March 2025; 30,847 miles in April 2025; and 40,684 miles in October 2025. *Id.* ¶¶ 11–13.

On March 3, 2026, Terrell provided Volkswagen with a Retail Installment Sale Contract ("Sale Contract"). Doc. 7 at 5; Doc. 7-1 at ¶ 9. The Sale Contract identified a total sale price of $49,225.84, which included two service contracts ($3,500), a debt cancellation agreement ($1,000), and other costs.[1] Doc. 1-6 at 3; Doc. 7-1 at 3. The Sale Contract also indicated that Terrell traded in a vehicle without negative equity. *Id.*

Volkswagen removed this case to this court on April 2, 2026. Doc. 1. Volkswagen alleges that this court has diversity jurisdiction over this case because the parties are completely diverse and the amount in controversy exceeds $75,000. *Id.* at 3–5. Volkswagen alleges that Terrell is a citizen of California, and that it is a New Jersey corporation with its principal place of business in Virginia. *Id.* ¶¶ 9, 11. Volkswagen also alleges that the amount in controversy exceeds $75,000 as "Plaintiff purchased the Subject Vehicle for $49,225.84" and Terrell also seeks actual damages, restitution, attorneys' fees and costs, and other damages. *Id.* at ¶ 15–20.

Terrell moves to remand the action to Kern County Superior Court, arguing that Volkswagen's removal was untimely because it failed to file the notice of removal within 30 days of service of the complaint. *Id.* at 2–6; *see* 28 U.S.C. § 1446(b)(1). Doc. 6. In its opposition,

[1] The total cash price listed was $35,303.06. Doc. 1-6 at 3.

Volkswagen argues that its removal was timely because it filed the notice of removal within 30 days of its receipt of the Sale Contract. Doc 7; *see* 28 U.S.C. § 1446(b)(3).[2]

## II. LEGAL STANDARD

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

There are three pathways for removal of an action from state court based on diversity jurisdiction. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013). The first and second pathways are contained in 28 U.S.C. § 1446(b) and impose 30-day deadlines for removal. *See Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093 (9th Cir. 2021). The third pathway is based on reading 28 U.S.C. § 1446 together with 28 U.S.C. § 1441 and permits removal up to one year from the filing of the complaint, but this pathway only applies if the first two do not. *See Roth*, 720 F.3d at 1125–26.

The first pathway comes from Section 1446(b)(1), which requires a notice of removal to be filed within thirty days of the defendant receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The second pathway comes from Section 1446(b)(3), which provides that if the initial pleading does not indicate the case is removable, the thirty-day clock starts running when the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692–93, 695 (9th Cir. 2005). Such "amended pleading, motion, order or other paper" must make a ground for removal "unequivocally clear and

[2] Terrell states that Volkswagen was served with Terrell's complaint on December 4, 2025. Doc. 6 at 2–3; Doc. 6-1 at 3; Doc. 6-3 at 1–2. But Volkswagen states service occurred on December 5, 2025. Doc. 1 ¶ 2. The court need not determine whether service of the complaint occurred on December 4, 2025, or December 5, 2025, as neither date alters Terrell's argument that Volkswagen's April 2, 2026, Notice of Removal was filed well past the 30-day window contemplated by 28 U.S.C. § 1446(b)(1).

certain." *Dietrich*, 14 F.4th at 1095.

A notice of removal is "defect[ive]" under § 1447(c) if a party "fail[s] to comply with the time limit provided in § 1446(b) for filing a petition for removal in state court." *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009). Section 1447(c) "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (citing *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)). "[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992)).

## III. DISCUSSION

The parties do not dispute that complete diversity of citizenship is satisfied and that the amount in controversy exceeds $75,000. Docs. 1, 6, 7. The only issue is whether Volkswagen's removal was timely. Docs. 6, 7. Terrell contends that removal was untimely because the basis for removal was sufficiently clear from the face of the complaint, and thus Volkswagen was required to remove the action within the thirty-day removal period set forth in 28 U.S.C. § 1446(b)(1). Doc. 6. In opposition, Volkswagen argues that the amount in controversy was indeterminable from the complaint and that the removal period was triggered only by the Sale Contract, and that its removal was timely pursuant to 28 U.S.C. § 1446(b)(3). Doc. 7.

### A. An Initial Pleading Needs Only To "Set Forth" A Ground For Removal To Trigger The Thirty-Day Removal Clock Under 28 U.S.C. § 1446(b)(1).

Terrell's complaint, which was served on Volkswagen in December 2025, needed only to "se[t] forth" a ground for removal to begin the 30-day removal clock under the first removal pathway. *See* 28 U.S.C. § 1446(b)(1); *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1093–94 (9th Cir. 2021) (concluding that Section 1446(b)(1)'s 'set[s] forth' requirement demands less certainty than Section 1446(b)(3)'s 'ascertain[]' requirement) (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208 (5th Cir. 2002)); *Larios v. Nissan N. Am., Inc.*, No. 2:25-CV-05095-AJR, 2025 WL 2402250 (C.D. Cal. Aug. 16, 2025), at *4–6 (Section 1446(b)(1) adopts a lower standard of removal for

initial pleadings); *Perry v. Ford Motor Co.*, No. 2:24-CV-03197-WLH-MAR, 2024 WL 3879142 (C.D. Cal. Aug. 20, 2024), at *2–3 (same); *accord Tebon v. Travelers Ins. Co.*, 392 F. Supp. 2d 894, 898 (S.D. Tex. 2005) (citing *Bosky* and concluding that Section 1446(b)(1) adopts a lower 'set forth' standard of removal for initial pleadings).

**B. <u>Terrell's Complaint "Set Forth" A Ground for Removal.</u>**

Terrell's complaint sufficiently "set forth" allegations that the amount in controversy exceeded $75,000. *See* Compl.; *see also* 28 U.S.C. § 1332(a). Terrell's complaint alleges that "[t]he amount paid/payable by the Plaintiff for the Subject Vehicle, as reflected in the sales contract, is $49,225.84[.]" Compl. ¶ 8. California Civil Code § 1793.2(d)(2)(B) provides that the manufacturer shall make restitution in an amount "equal to the actual price paid or payable by the buyer[.]" Cal. Civ. Code § 1793.2(d)(2)(B). The complaint seeks "restitution for all monies expended" and alleges that the "amount paid/payable" was $49,225.84. Compl. at 12.

The complaint also seeks restitution and civil penalties of up to two times the amount of actual damages. *Id*. While a defendant "need not make extrapolations or engage in guesswork," the Ninth Circuit has held that the first pathway under Section 1446(b)(1) "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (citation omitted). "Multiplying figures clearly stated in a complaint is an aspect of that duty." *Id*.

Tellingly, in Volkswagen's Notice of Removal, Volkswagen calculated an amount in controversy of at least $147,677.52 based on the purchase price of the Vehicle ($49,225.84) and Terrell's prayer for two times actual damages. Notice of Removal ¶¶ 15, 17. But the information Volkswagen based its calculation for removal was already available on the face of the complaint. Compl. at 6, 12. Volkswagen needed only to perform two calculations to determine that the amount stated in the complaint exceeded $75,000: adding the purchase price of $49,225.84 to the requested civil penalty of two times actual damages (2 x $49,225.84 = $98,451.68), which equals $147,677.52. Volkswagen set forth that calculation in its Notice of Removal filed April 2, 2026, *see* Doc. 1 at 4 (¶ 17), but it had that same information available to it on the face of the complaint served on it in December 2025. Therefore, the factual basis for diversity jurisdiction was set forth

on the face of Terrell's complaint. *See*, *e.g.*, *Larios*, 2025 WL 2402250, at *5; *Perry*, 2024 WL 3879142 at *3.

Departing from the allegations in its Notice of Removal, Volkswagen now cites *Kuxhausen* in asserting that the amount in controversy was indeterminable from Terrell's complaint. *Contrast* Notice of Removal ¶¶ 15, 17, *with* Doc. 7 at 3–5. Volkswagen argues that it could not have determined whether the $49,225.84 amount included costs that were not recoverable and therefore it could not determine the amount in controversy from the allegations in the complaint. Doc. 7 at 2–5. However, as pled, Terrell placed into controversy the purchase price and civil penalties, which was sufficient for Volkswagen to determine whether the amount in controversy was met. *See Colbert v. Gen. Motors, LLC*, No. 1:23-CV-01269-KES-CDB, 2025 WL 424621, at *3 (E.D. Cal. Feb. 7, 2025) (minimum amount in controversy established with, among other things, vehicle's total sale price of $50,967.86 and plaintiff's request of two times actual damages); *Wickstrum v. FCA USA LLC*, No. 3:20-CV-00336-L-JLB, 2021 WL 532257, at *2–4 (S.D. Cal. Feb. 12, 2021) (same with total vehicle cost of $55,382.88); *Baumanns v. FCA US LLC*, No. 21-CV-1054 JLS (MSB), 2021 WL 5564497, at *3–5 (S.D. Cal. Nov. 29, 2021) (same where plaintiff sought entire contract price of $37,326.32).

The allegations set forth in the complaint triggered the thirty-day removal period set forth in 28 U.S.C. § 1446(b)(1). *See e.g.*, *Larios.*, 2025 WL 2402250, at *5 (thirty-day removal clock triggered by vehicle with approximate purchase price of $50,895.00 and request of two times actual damages); *Perry*, 2024 WL 3879142, at *3 (same with vehicle purchase price of $45,649.20); *Pano v. Ford Motor Co.*, No. 2:24-CV-09649-HDV-JCX, 2025 WL 438715, at *1–2 (C.D. Cal. Feb. 7, 2025) (same with approximate vehicle value of $51,185.06); *Zamora v. Ford Motor Co.*, No. CV 24-9850 FMO (PDX), 2025 WL 243170, at *2 (C.D. Cal. Jan. 17, 2025) (same with approximate vehicle value of $26,268.56). The ground for removal was set forth in the "four corners of the applicable pleading[]," and did not demand "subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694.

Volkswagen also argues that the complaint did not sufficiently set forth the amount in controversy because it did not itemize the applicable statutory offsets. Doc. 7 at 1–5. California

Civil Code § 1793.2(d)(2)(B)–(C) permits a deduction from the purchase price of the subject vehicle for the value "directly attributable to use by the buyer" (the "Use Offset"). The Use Offset is calculated by "subtracting mileage at purchase from the mileage at first repair for an alleged defect, dividing that amount by 120,000, and multiplying that sum by the purchase price." *Guzetta v. Ford Motor Co.*, No. 2:21-CV-09151-MEM-FPV-CX, 2022 WL 1044173, at *4 (C.D. Cal. Apr. 5, 2022); *see* Cal. Civ. Code § 1793.2(d)(2)(C). Volkswagen may offset: (1) the amount "paid or payable for optional equipment, service contracts, or GAP financing purchased by the plaintiff ... from third parties, except for optional purchases for dealer-supplied equipment or services;" (2) "negative equity incorporated in the transaction from prior vehicles;" (3) "[n]oncash credits provided by the manufacturer as a form of down-payment assistance, typically referred to as a manufacturer's rebate;" and (4) "unpaid interest or unpaid financing costs associated with the retail installment sales contract that will not be owed or paid by the consumer when the lien is paid off." *Perez v. Gen. Motors LLC*, 2025 WL 3171905, at *2 (C.D. Cal. 2025); Cal. Civ. Code § 871.27(b)–(d), (f); *see also id.* § 871.20 (indicating that § 871.27 applies to Song-Beverly Act claims).

In general, the amount in controversy calculation does not consider affirmative defenses, counterclaims, or potential offsets. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) ("[T]he fact that the complaint discloses the existence of a valid defense to the claim" cannot be grounds for showing failure to meet the amount in controversy threshold.); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) ("the amount in controversy reflects the *maximum* recovery the plaintiff could reasonably recover" and is not a prospective assessment of liability) (emphasis original); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018) (the amount in controversy includes the amounts "at stake" in the litigation at the time of removal, "whatever the likelihood that [the plaintiff] will actually recover them."); *Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1108 (9th Cir. 2010) ("This rule makes sense; just because a defendant might have a valid defense that will reduce recovery to below the jurisdictional amount does not mean the defendant will ultimately prevail on that defense."); *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir.

2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *but see Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 n.3 (9th Cir. 2018) (recognizing that consideration of the Use Offset was "appropriate" because the estimate of the amount in controversy must be based on the applicable "measure of damages") (citations omitted).

District courts in the Ninth Circuit are split as to whether consideration of the Use Offset is appropriate when calculating the amount in controversy. *See, e.g.*, *Selinger v. Ford Motor Co.*, No. 2:22-CV-08883-SPG-KS, 2023 WL 2813510, at *7 (C.D. Cal. Apr. 5, 2023) (surveying cases); *contrast Canesco v. Ford Motor Co.*, 570 F. Supp. 3d 872, 898–901 (S.D. Cal. 2021) (surveying cases, and concluding that consideration of the Use Offset is appropriate), *with Akulyan v. Mercedes-Benz USA, LLC*, No. 2:25-CV-02986-SPG-SSC, 2025 WL 2553443, at *4 (C.D. Cal. Sept. 4, 2025) (surveying cases, and concluding that consideration of the Use Offset is not required); *Wickstrum*, 2021 WL 532257, at *2, 2 n.3–4 (concluding that the amount in controversy does not include the Use Offset because the offset is akin to an affirmative defense, and not automatic under Cal. Civ. Code § 1793.2(d)(2)(C)); *Ladd v. Mercedes-Benz USA, LLC*, No. 2:25-CV-02879-HDV-BFM, 2025 WL 2081572, at *2 (C.D. Cal. July 24, 2025) (emphasizing same).

Terrell prevails under either reading of whether consideration of offsets is appropriate in calculating the amount in controversy. In addition to the purchase price, Terrell's complaint alleges the facts needed to estimate the Use Offset. Compl. ¶¶ 8, 11. The complaint alleges that Terrell "first presented the Subject Vehicle for repairs in March 2025, with approximately 30,236 miles on the odometer[.]" *Id.* at ¶ 11. Thus, Terrell's complaint alleges the number of miles driven before the first attempt to repair the alleged defect, which, along with the purchase price, provides the information needed to estimate the Use Offset. *See* Cal. Civ. Code § 1793.2(d)(2)(C).

In *Larios*, the absence of additional statutory offsets (such as negative equity or manufacturer's rebate) in the plaintiff's complaint did not foreclose remand under Section 1446(b)(1), where, as here, the complaint disclosed the purchase price and approximate mileage

of the vehicle along with a request for civil penalties of two times the actual damages. *See Larios*, 2025 WL 2402250, at *2, 5–6. The purchase price ($49,225.84), approximate mileage (30,236), and age at time of first repair (1 year, 8 months) of Terrell's vehicle is not so far from the purchase price ($50,895.00), approximate mileage (6,780) and age at time of first repair (6 months) in *Larios*. *See id.*; *Diaz*, 2025 WL 2647458, at *4 (extending *Larios* to a similar situation); *cf. Schneider*, 756 F. App'x at 702 (despite defendant's omission of the Use Offset in its notice of removal, it was "reasonable to assume" that "the [vehicles] did not lose nearly all of their value after a few years of use.").

Accordingly, Terrell's complaint was an "initial pleading" which sufficiently set forth that the amount in controversy exceeded $75,000 and therefore triggered the thirty-day removal clock under Section 1446(b)(1). *See Harris*, 425 F.3d at 694. Pursuant to Section 1446(b)(1), Volkswagen's Notice of Removal filing on April 2, 2026, was untimely.

## IV. CONCLUSION AND ORDER

Accordingly,

1. Plaintiff's motion to remand this action to the Kern County Superior Court, Doc. 6, is granted.
2. The Clerk of the Court shall mail a certified copy of this order of remand to the Kern County Superior Court.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: August 5, 2026

UNITED STATES DISTRICT JUDGE